(39 App. Div. 533.)

### HIGGINS v. STARIN et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

APPEAL—RELIEF AGAINST STIPULATIONS.

One of several defendants appealing from an order permitting plaintiff to amend, through oversight, failed to have his affidavits included in the printed papers on appeal; and on motion to dismiss the appeal, made after the expiry of time to serve the papers, his attorney, honestly believing

that a decision for his co-appellants would include his client, stipulated to withdraw the appeal. In this he was mistaken. There was a reversal as to the co-appellants, but his client was required to meet the complaint as amended, which sought to recover about $1,000,000 on 110 causes of action. *Held*, that an order relieving him from the stipulation, and placing him on the same footing as the other defendants, was not error.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Suit by Francis Higgins, as receiver of the North River Bank, against John H. Starin, impleaded with Edward E. Gedney and others. From an order relieving defendants from a stipulation withdrawing an appeal, plaintiff appeals. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

Of the power of the court to relieve the defendant from the stipulation withdrawing his appeal, there cannot be a question. The power has been recognized and enforced in a large number of cases in this state. The only question is whether the power should be exercised in the present case. The action originally was brought in equity for an accounting against the directors of the North River Bank. On February 23, 1898, an order was entered permitting the discontinuance of the action against some of the defendants, and an amendment of the complaint as to others, including Starin; changing the action into one for tort, in which about $1,000,000 damages were claimed upon 110 causes of action. Starin and certain other defendants appealed from the order permitting the amendment of the complaint. The attorneys for a defendant other than Starin undertook to prepare the appeal papers, and Starin's attorneys offered to join with them, and furnished a copy of their opposing affidavits, to be printed with the other appeal papers. By some oversight or misunderstanding, however, these affidavits were not included among the printed papers on appeal. After the time given by the rules to serve such papers had expired, a motion was made to dismiss Starin's appeal, for nonservice of papers. Thereupon the stipulation, from which relief is now sought, was entered into, whereby the appeal was withdrawn; Starin allowing to the plaintiff $10 costs, to be offset against the costs awarded to the defendant by the order amending the complaint. The attorney who entered into this stipulation unquestionably did so in the honest belief that, inasmuch as the action was not severable, the decision of the question involved in the appeal by the other defendants would determine Starin's status as if he had himself perfected and presented his appeal. In this view, as the event proved, he was mistaken. The appeal by the other defendants resulted in a reversal of the order permitting the amendment of the complaint (52 N. Y. Supp. 331); but, when Starin undertook to plead to the original complaint, he was met with the objection that as to him the complaint still stood amended, and upon appeal to the appellate division this objection was held to be well taken (55 N. Y. Supp. 1141). The result is that all the solvent defendants except Starin are required only to meet the original complaint, upon which it seems to be conceded that no recovery can be had. Starin alone, of all the solvent defendants, has to meet the amended complaint, upon which, if at all, a recovery can be had. Such a result is manifestly unjust to him. He and the other defendants stand upon the same footing, so far as liability is concerned, and should be replaced upon the same footing, so far as the form of action is concerned, unless some injustice would be done to the plaintiff by so replacing him. I do not think that any such injustice will be done. The parties can be put back in precisely the same place they were in before the stipulation was made. The appeal was taken in good time. The only default was in serving the printed papers,—a default against which the court can always relieve a party. The stipulation did not express, in point of fact, the real intention of the parties who entered into it, because, so far, at least, as Starin's attorneys were concerned, it was made under a not wholly inexcusable misapprehension as to what the effect of withdrawing the appeal would be. The motion will be granted upon condition that within twenty days after the entry of the order the defendant Starin print and serve the papers on ap-

peal, and pay to the plaintiff's attorneys the taxable costs of the action to date. Settle order on notice.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

T. C. T. Crain, for appellant.

Benjamin F. Tracy, for respondents.

INGRAHAM, J. We think this order should be affirmed upon the opinion of the court at special term. The only advantage that the respondent seems to have derived from the stipulation was the privilege of paying to the plaintiff $10 costs, which was to be offset against certain costs that the plaintiff had been required to pay to the respondent as a condition for the amendment of a complaint which was allowed by the order appealed from. It is difficult to see upon what principle this privilege of paying to the plaintiff $10 costs could be of any advantage to the defendant. The order, therefore, is affirmed, with $10 costs and disbursements.

PATTERSON and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.